Follett, J.
Is Holbrook, as a “ material-man,” protected by section 3205 of the Revised Statutes ?
That section provides that: “ If the progress or completion of the work on any property designated in this chapter, be suspended by the default or decease of its owner, with *523 out consent of such head or sub-contractor, or material-man, he or they, or any of them, may proceed with the work, in accordance, however, with the terms of the original plan or contract, and on completion thereof, have either or all the remedies provided by this chapter.”
The terms of this section are plain and need no construction.
If the work be suspended by the decease of the owner of the property, and such suspension is without the cohsent of the head contractor, or of the sub-contractor, or of the material-man, he or they, or any of them, not consenting to the suspension, may proceed with the work in accordance with the original plan or contract. And on the completion thereof, such person or persons may have either or all the remedies provided in that chapter, including the benefits of a mechanic’s lien.
The facts found in this case are: That Maria Plant owned the leasehold estate and the buildings thereon; that “ shortly prior to her death she had commenced the erection of a house on the east half of the lot, which, at the time of her death, was somewhat less than half completed;” that she had “ adopted and approved ” a plan for the house, which plan Thomas Plant had designed'; that she had contracted with. Holbrook to furnish and deliver certain lumber and material, in his line, necessary to build the house, and to deliver the same, from time to time, as required by Thomas Plant, the husband; that prior to her death a part of the material was furnished by Holbrook in accordance with their contract; and that the progress of the work was suspended by the decease of Maria Plant, the owner, without the consent of Holbrook, the material-man.
Thus every required precedent condition was fulfilled; and Holbrook, the material-man, did proceed with the work, in accordance with the terms of the original plan, and did complete the house.
It is claimed that Holbrook’s 'contract with the owner deceased did not provide for the completion of the house by him. The language of his contract alone did not so provide; *524 but his contract was made under the provisions of section 3205 of the Revised Statutes, and the clear provisions of that statute became a part of the contract; and these provisions were of full force on the suspension of the progress of the work by the decease of Maria Plant.
“ The laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of the contract, and this is so, whether such laws effect its validity, construction, discharge, or enforcement.” Roberts v. Cocke, 28 Gratt. (Va.) 207.
“ It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms.” Mr. Justice Swayne in Von Hoffman v. City of Quincy, 4 Wall. 550.
It is also claimed that a mechanic’s lien is án entirety, and that Holbrook could not have two such liens in this case.
If we concede the former claim, the latter one would not. follow. Duringthe life-time of Maria PI ant, Holbrook could only furnish materials for the house; and, upon her death, for such materials furnished he could perfect his lien therefor as he did ; and when her decease changed the obligations of the contract in its practical effect, Holbrook did proceed with the work both as a material-man and as a workman. This he had a right to do, by virtue of his contract and the provisions of the statute. Eor all he thus furnished and performed he could perfect his second mechanic’s lien, unless in some way he was prevented.
Hid the levy of A. Ives & Sons prevent or postpone Holbrook’s second mechanic’s lien ?
This levy was for a.judgment debt due A. Ives & Sons from Thomas Plant, the devisee of Maria Plant. Thomas Plant took the property subject to the debts of Maria Plant, and also subject to her contracts respecting this property— including her contract with Holbrook, by virtue of which he obtained his second lien. The levy was only upon the property interest therein devised to Thomas Plant, and it is subject to this lien of Holbrook. A. Ives & Sons could *525 not obtain a better right or title than Thomas Plant possessed. The facts found, as to what agreements were made by Holbrook after the decease of Maria Plant, are important only as showing the utmost good faith on the part of Holbrook in his completion of the house under his optional contract to complete it; and, doubtless, such agreements were not necessary to enable Holbrook to secure his rights; but such agreements could not destroy his rights under the statutes.
The facts found show there is no equity in the claim of the defendants in error.
This expenditure of $1,018.68 seems to have increased the salable value of the property at. least $1,600, a profit of $581.32, which mayinure to the benefit of the defendants in error. And they need not have done otherwise than stand by and see this expenditure of money, as their levy did not prevent or destroy the rights of Holbrook.
The facts of this case show clearly the importance of such a statutory provision, and its great value to material-men, to contractors, and to such workmen.
The court erred in its conclusions of law, and there was error in affirming the judgment.

The judgments below are reversed, and. judgment is rendered for 8. 8. Holbrook.